# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50931
c/w No. 14-50932
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER ESTRADA-GARCIA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1598-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Javier Estrada-Garcia appeals the 26-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14- 50931
c/w No. 14-50932

also appeals the consecutive 18-month sentence imposed following the revocation of a prior term of supervised release.

Estrada-Garcia contends that U.S.S.G. § 2L1.2 is not empirically based and effectively double counts a defendant's criminal record. The 26-month sentence imposed for the illegal reentry offense was within the guidelines range and is therefore entitled to a presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). As Estrada-Garcia concedes, his contention that the presumption of reasonableness to his illegal reentry sentence should not apply because the illegal reentry Guideline lacks an empirical basis is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have consistently rejected "double counting" arguments and arguments that § 2L1.2 results in excessive sentences because it is not empirically based. *See Duarte*, 569 F.3d at 529-31. Estrada-Garcia also contends that the range overstated the seriousness of his nonviolent reentry offense and that the combined sentence failed to account for his personal history and characteristics. We have rejected the "international trespass" argument that Estrada-Garcia asserts. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

To the extent that Estrada-Garcia separately challenges the reasonableness of his revocation sentence, he has not shown that the within-guidelines 18-month revocation sentence was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Finally, Estrada-Garcia contends that the combined 44-month sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). The district court had the discretion to order that the sentences be served consecutively. *See United*

No. 14- 50931
c/w No. 14-50932

*States v. Whitelaw*, 580 F.3d 256, 260-61 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & comment. (n.4), p.s.  The consecutive sentence is entitled to a presumption of reasonableness.  *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).   The district court considered the § 3553(a) factors, including Estrada-Garcia's personal history and motives.  He has not shown that the district court failed to give proper weight to his arguments or any particular § 3553(a) factor when imposing the sentences.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).   Estrada-Garcia's motives for reentry are not sufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.